# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PERDUE FARMS INC. <br> 31149 Old Ocean City Rd. <br> Salisbury, Maryland 21804 <br> (Wicomico County) <br><br>        Plaintiff <br><br> v. <br><br> U.S. SECURITY ASSOCIATES, INC. <br> 200 Mansell Court <br> Roswell, Georgia 30076 <br> Serve: <br> CT Corporation System <br> 334 North Senate Avenue <br> Indianapolis, Indiana 46204 <br><br> -and- <br><br> JENNIFER FREEMAN <br> 108 E. Schlomer Road <br> Vincennes, Indiana 47591 <br><br> -and- <br><br> BRIAN HILL <br> 201 W. Walnut Street <br> Washington, Indiana 47501 <br><br> -and- <br><br> CARL NELSON <br> 5688 Kingman Avenue <br> Portage, Indiana 46368 <br><br>        Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. _____ |

# COMPLAINT

COMES NOW, Plaintiff Perdue Farms, Inc., by and through undersigned counsel, and for cause of action against U.S. Security Associates, Inc. ("US Security"), Jennifer Freeman, Brian Hill, and Carl Nelson (collectively the "Defendants") complains, alleges, and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a corporation incorporated under the laws of Maryland with its principal place of business at 31149 Old Ocean City Rd., Salisbury, Maryland 21804.

2.

US Security is a corporation formed under the laws of the State of Delaware with its principal place of business at 200 Mansell Court, Roswell, Georgia 30076. US Security can be served via its registered agent, CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

3.

Defendant Jennifer Freeman is a resident of Indiana and, at all times relevant, was an employee of US Security. Ms. Freeman may be served at her primary residence, which is 108 E. Schlomer Road, Vincennes, Indiana 47591.

4.

Defendant Brian Hill is a resident of Indiana and, at all times relevant, was an employee of US Security. Mr. Hill may be served at his primary residence, which is 201 W. Walnut Street, Washington, Indiana 47501.

5.

Defendant Carl Nelson is a resident of Indiana and, at all times relevant, was an employee of US Security. Mr. Nelson may be served at his primary residence, which is 5688 Kingman Avenue, Portage, Indiana 46368.

6.

Defendants Jennifer Freeman, Brian Hill, and Carl Nelson will be collectively referred to as the "Employees."

7.

This Court has subject matter jurisdiction over each of the claims in this lawsuit based on diversity grounds. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction because Plaintiff has complete diversity of citizenship from Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest of costs.

8.

This Court has personal jurisdiction over Defendants, and venue is proper in this Court, because the agreement on which some of Plaintiff's claims are founded

contains a forum selection clause[1] providing that any action arising out of that agreement must be brought in the state of Maryland.[2]

## BACKGROUND FACTS

9.

Plaintiff owns and operates a poultry processing plant (the "Plant") on the property located at 65 S 200 West, Washington, Daviess County, Indiana 47501 (the "Property") that processes approximately 1,000,000 pounds of meat per day.

10.

Aluminum chloride, a hazardous material as defined by 49 C.F.R. § 172.101 (1990), was transported by and delivered to the Plant.

---

[1] The agreement states, in relevant part, "This Agreement shall be governed by, and construed in accordance with, the laws of the State of Maryland. Any lawsuit filed by either party arising from or related to this Agreement shall be brought in the United States District Court for the District of Maryland. The parties hereby consent to the jurisdiction of said court." (*See Service Agreement*, attached as **Exhibit A**, at ¶12).

[2] Plaintiff previously filed a lawsuit in the Daviees Circuit Court in Indiana, Cause No. 14C01-200-PL-000491, in which Plaintiff brought the same claims against Defendants. (*See Complaint*, attached as **Exhibit B**). However, on October 13, 2022, that court granted the Defendants' Motion to Dismiss Pursuant to the Parties' Forum Selection Clause, finding that the forum selection clause contained in the parties' Service Agreement was valid and enforceable and that the Plaintiff's claims against Defendants, including Employees, were governed by that clause. (*See Order*, attached as **Exhibit C**). Given their arguments in favor of their Motion in the other case, Defendants, including Employees, have affirmatively consented to the jurisdiction of this Court.

That lawsuit is still pending as to other defendants, and Plaintiff is seeking an interlocutory appeal of the order enforcing the Forum Selection Clause. However, Plaintiff files this lawsuit out of an abundance of caution so as to avoid any potential argument that the claims against Defendants are time barred.

11.

On August 26, 2018, a delivery driver (the "Driver") made an unannounced delivery to the Plant outside of normal delivery hours.

12.

US Security provided security services to the Plant and its employees controlled traffic through the security gate(s).

13.

Upon arrival, the Driver incorrectly informed US Security employees, Jennifer Freeman, Brian Hill, and Carl Nelson, that he was delivering bleach.

14.

The Employees failed to inspect the bill of lading to verify the Driver's statement, which would have shown the Employees that the Driver was delivering aluminum chloride.

15.

The Driver was allowed into the Plant.

16.

Based upon the Employees' failure to review the bill of lading, the Driver was directed to the bleach tank to begin the unloading process.

17.

The chemical the Driver was actually transporting was aluminum chloride.

18.

The Driver connected his truck to the bleach tank and began depositing the aluminum chloride into it.

19.

When the aluminum chloride entered the tank and mixed with the bleach already present in the tank, a chemical reaction occurred and caused severe amounts of fog and foam to enter multiple rooms of the Plant (the "Incident"). The chemical reaction also caused extensive damage to Plaintiff's equipment at the Plant.

20.

The Incident caused Plaintiff to shut down its Plant for multiple days.

21.

As a result of the Incident, Plaintiff incurred labor costs associated with cleaning the Plant and attempted salvage of any damaged equipment.

22.

As a result of the Incident, Plaintiff incurred lost profits due to the closure of the Plant.

23.

As a result of the Incident, Plaintiff incurred the costs of replacing and repairing damaged Plant equipment.

24.

In total, Plaintiff sustained damages in excess of $1,290,542.12 as a result of the Incident (the "Loss").

25.

To date, Defendants have refused to pay Plaintiff for the Loss despite knowing that liability is clear. Defendants' conduct has left Plaintiff with no other choice but to file this lawsuit.

### COUNT I – NEGLIGENCE AGAINST US SECURITY AND ITS EMPLOYEES

26.

Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

27.

Ms. Freeman, Mr. Hill, and Mr. Nelson owed Plaintiff a duty to exercise reasonable care when allowing individuals, including delivery drivers, to enter the Plant.

28.

Ms. Freeman, Mr. Hill, and Mr. Nelson breached that duty when they failed to request and review the Driver's bill of lading before allowing him to enter the Plant.

29.

Ms. Freeman's, Mr. Hill's, and Mr. Nelson's breach of duty caused the Incident that led to Plaintiff's Loss.

30.

The acts and omissions of Ms. Freeman, Mr. Hill, and Mr. Nelson, while acting in the scope and course of their employment with US Security, breached the duty of care owed to Plaintiff.

31.

The breach of such duties was the direct and proximate cause of the Incident and the Loss.

32.

As a result of Ms. Freeman's, Mr. Hill's, and Mr. Nelson's negligence, Plaintiff suffered damages in excess of $1,290,542.12, and Ms. Freeman, Mr. Hill, and Mr. Nelson are liable to Plaintiff for such damages.

33.

Additionally, as Ms. Freeman's, Mr. Hill's, and Mr. Nelson's negligence causing Plaintiff's damages occurred while they were acting in the course and scope of their duties for US Security, US Security is directly and/or vicariously liable to Plaintiff for the Loss.

34.

As such, US Security is also liable to Plaintiff for all damages arising from Ms. Freeman's, Mr. Hill's, and Mr. Nelson's negligence, including through the theory of *respondeat superior*.

## COUNT II –NEGLIGENT HIRING, TRAINING, RETAINING, AND SUPERVISING AGAINST US SECURITY

35.

Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

36.

US Security owed a duty of care to Plaintiff at all relevant times, including a duty of care in its hiring, training, retaining, and supervising of its employees.

37.

Ms. Freeman, Mr. Hill, and Mr. Nelson were not competent to perform the tasks assigned to them in their ordinary course of business.

38.

Ms. Freeman's, Mr. Hill's, and Mr. Nelson's acts or omissions were the direct and proximate cause of the Incident and the resulting Loss.

39.

US Security knew or should have known at the time of hiring that Ms. Freeman, Mr. Hill, and Mr. Nelson were incompetent to perform the job duties, but US Security still hired them.

40.

US Security knew or should have known that the training of Ms. Freeman, Mr. Hill, and Mr. Nelson was inadequate to prepare them to competently execute and perform the job duties tasked, but US Security refused to update and/or supplement its training program.

41.

US Security knew or should have known during the course of employment that Ms. Freeman, Mr. Hill, and Mr. Nelson were incompetent to perform the job duties, but US Security retained them.

42.

US Security knew or should have known that Ms. Freeman, Mr. Hill, and Mr. Nelson presented risks of harm to others and property, but US Security failed to properly supervise them.

43.

US Security's acts and omissions in hiring, training, retaining, and failing to properly supervise Ms. Freeman, Mr. Hill, and Mr. Nelson constitute a breach of the duty of care it owed Plaintiff.

44.

As a direct and proximate cause of the breach by US Security, Plaintiff suffered damages in excess of $1,290,542.12, for which US Security is liable.

**COUNT III – BREACH OF CONTRACT AGAINST US SECURITY**

45.

Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

46.

Plaintiff and US Security entered into a valid agreement whereby US Security agreed to provide security services at the Plant. A copy of the contract between US Security and Plaintiff is attached as Exhibit A.

47.

Under the terms of the agreement, US Security agreed to provide competent services.

48.

As evidenced by US Security employees allowing the Driver into the Plant thereby causing the Incident, US Security breached the terms of its agreement with Plaintiff.

49.

As a result of US Security's breach of contract, Plaintiff has suffered damages in excess of $1,290,542.12.

**WHEREFORE,** Plaintiff prays as follows:

(1) That the Court award Plaintiff judgment against Defendants for damages in an amount to be proven at trial, not to be below $1,290,542.12;

(2) That the Court award Plaintiff prejudgment interest as allowed by law;

(3) That the Court award the Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

(4) That the Court award such other and further relief as it deems necessary and proper in the circumstances.

Respectfully submitted this 10th day of November, 2022.

       AYRES, JENKINS, GORDY & ALMAND, P.A.


    By: **/s/ Bruce F. Bright**
       Bruce F. Bright (#27236)
       6200 Coastal Hwy., Suite 200
       Ocean City, Maryland 21842
       Tel: 410-723-1400
       Fax: 410-723-1861
       bbright@ajgalaw.com
       *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff, by its undersigned counsel, hereby demands a trial by jury as to all matters triable by jury as a matter of right.


       **/s/ Bruce F. Bright**
       Bruce F. Bright